UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT KEETH,

    Petitioner,

      v.

SHAWN BREWER,

    Respondent.

_____/

Case No. 17-cv-11152

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Herbert Keeth, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(A), and one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(A). Mr. Keeth filed a motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in his current habeas petition. Dkt. No. 3.

1

The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. The Court administratively closes the case.

## I. Background

Petitioner was convicted following a bench trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Keeth,* 2014 WL 6089165 (Mich. Ct. App. Nov. 13, 2014); *see also* 499 Mich. 982, 882 N.W. 2d 137 (2016) (denying Petitioner's application for leave to appeal the Michigan Court of Appeals' November 13, 2014 judgment).

On March 22, 2017, Mr. Keeth filed his application for writ of habeas corpus.[1] Petitioner seeks habeas relief on ineffective-assistance-of-counsel grounds, which he raised in the state courts on his direct appeal. *Id.*

## II. Discussion

Mr. Keeth filed a motion to hold the habeas petition in abeyance so that he can return to the state courts to raise claims that have not been exhausted with the state courts and which are not included in the current petition.

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on March 22, 2017, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77–79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 F.App'x. 303, 306 (6th Cir. 2007) (holding that a court is entitled to delay deciding a habeas petition that contains exhausted claims "when considerations of comity and judicial economy would be served.") (quoting *Nowaczyk*, 299 F.3d at 83); *See also Thomas v. Stoddard,* 89 F.Supp.3d 937, 943 (E.D. Mich. 2015) (Michelson, J.). Indeed, although there is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82; *See also Bowling,* 246 F.App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceedings pending in state court involving other claims).

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the Petitioner's

claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720–21 (6th Cir. 2002).

Other considerations merit holding the petition in abeyance while petitioner returns to the state courts to exhaust his new claims. In particular, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. § 2244(b)(2)). Moreover, "[i]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other considerations merit granting a stay also. This Court is currently not in a position to determine whether Mr. Keeth's new claims have any merit, thus, the Court cannot say that petitioner's claims are "plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. Nor, on the other hand, can the Court at this time say that

petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court would still benefit from the state courts' adjudication of these claims in determining whether to permit petitioner to amend his petition to add these claims. *Id.* Finally, this Court sees no prejudice to respondent in staying this case, whereas Mr. Keeth "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Mr. Keeth to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner initiating his state post-conviction remedies within ninety days of receiving this

Court's order and returning to federal court within ninety days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F.3d at 721.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under Mich. Ct. R. 6.502. *See Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III. Order

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Mr. Keeth must file a motion for relief from judgment in state court within ninety days of receipt of this order. He shall notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift

the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in Mr. Keeth's original habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F.Supp.3d at 944.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

/s/Gershwin A Drain
**HON. GERSHWIN A. DRAIN**
**Dated: May 12, 2017**          **UNITED STATES DISTRICT COURT JUDGE**