UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERBERT KEETH,

    Petitioner,                                   Case No. 2:17-CV-11152

                                                   HONORABLE GERSHWIN A. DRAIN
v.                                           UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

    Respondent.,
_____/

## OPINION AND ORDER DENYING AS MOOT THE MOTION FOR AN EXTENSION OF TIME TO FILE THE POST-CONVICTION MOTION FOR RELIEF FROM JUDGMENT WITH THE STATE COURT [#7]

Petitioner Herbert Keeth, presently confined at Charles Egeler Reception & Guidance Center in Jackson, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he sought relief from his convictions for two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. *See* Dkt. No. 1. On May 12, 2017, this Court held the petition for writ of habeas corpus in abeyance to permit Petitioner to return to the state courts to exhaust additional claims which had not yet been presented to the state courts. *See* Dkt. No. 5, pp. 5–6 (Pg. ID 69–70). The Court conditioned this tolling upon Petitioner initiating his state post-conviction remedies within ninety

1

(90) days of receiving this Court's order and returning to federal court within ninety (90) days of exhausting his state court post-conviction remedies. *Id.*

On August 15, 2017, the Court received a letter from Petitioner, construed as a motion requesting an extension of time to file his post-conviction motion in the state courts. *See* Dkt. No. 7. For the reasons that follow, the motion for an extension of time to file a post-conviction motion is denied as moot.

A federal district court has the power to extend the stay of a habeas petition and grant a petitioner an extension of time to file his or her post-conviction motion in the state courts where the petitioner was "prevented in some extraordinary way" from filing the motion with the state courts in a timely manner. *See Schillereff v. Quarterman*, 304 F. App'x 310, 314 (5th Cir. 2008). Petitioner had ninety (90) days from the date of the Court's order, or until August 12, 2017, to timely file his post-conviction motion with the state courts. *See* Dkt. No. 5, pp. 5–6 (Pg. ID 69–70). Petitioner filed a notice with this Court indicating that he had filed his post-conviction motion with the state courts on July 28, 2017. Dkt. No. 6. Petitioner thus filed his 6.500 motion for relief from judgment within the ninety (90) day time-period that this Court granted to him to initiate his post-conviction proceedings in the state courts. As Petitioner was not prevented from timely filing, and indeed did timely file, his state post-conviction motion, his request for an

extension of time is unnecessary.[1]

Based on the foregoing, **IT IS ORDERED** that the motion for an extension of time to file a 6.500 brief in the state courts [7] is **DENIED** as moot.


Dated: August 23, 2017 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 23, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk

---

[1] To the extent Petitioner is requesting additional time to file a brief in support of his 6.500 motion, approval from this Court is unnecessary. Petitioner timely filed his post-conviction motion with the state courts and thus satisfied the requirements of this Court's stay and abeyance order. Therefore, Petitioner does not need an extension of time from this Court to file any supporting briefs or documentation in support of his 6.500 motion.